IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-257(1) |
| | § | C.A. No. C-08-248 |
| | § | |
| JOSE ORTIZ, | § | |
|     Defendant. | § | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-00-407 |
| | § | C.A. No. C-08-249 |
| | § | |
| JOSE GUADALUPE ORTIZ, | § | |
|     Defendant. | § | |

### ORDER DENYING WITHOUT PREJUDICE LETTER MOTION

On July 28, 2008, the Clerk received from Defendant Jose Guadalupe Ortiz ("Ortiz")[1] a letter motion that referenced both of the criminal case numbers above. (See Cr. No. C-00-407, D.E. 94; Cr. No. C-05-257, D.E. 72.) In it, he explains that he wants to bring to the attention of the Court "continuing actions" by his retained counsel, Jesus Alvarez, that are detrimental to him. Ortiz specifically references that Alvarez is refusing to represent him on appeal. He also appears to be claiming that Alvarez "lied" to him regarding the sentence he would likely receive. Ortiz states that certain "promises" were made to him by the government and his attorney, but that the Court did not abide by those promises at sentencing. He further argues that his counsel should have objected to this failure at sentencing, but did not. He makes repeated references to his purported cooperation with the

---

[1] In the style of Cr. No. C-05-257, the defendant's name does not include "Guadalupe."

1

government, but states that the government has failed to live up to its promises to move for a reduced sentence. He requests that the Court reduce his sentence. He also requests that the Court order "Mr. Alvarez to complete his duties" with regard to Ortiz's appeal.

The Clerk has docketed the document in both cases as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and has opened a corresponding civil case for each criminal case.

For the reasons set forth herein, Ortiz's letter motion is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

In Cr. No. C-05-257, Ortiz pleaded guilty to the sole charge against him, conspiracy to possess with intent to distribute marijuana. (Cr. No. C-05-257, D.E. 35, 37.) On September 12, 2007, the Court sentenced him to 110 months in the custody of the Bureau of Prisons, to run consecutive to the sentence imposed in Cr. No. C-00-407(1). The Court also imposed a five-year supervised release term, also to run consecutive to Cr. No. C-00-407, a $1,000 fine and a $100 special assessment. (Cr. No. C-05-257, D.E. 65, 66.) Final judgment was entered on September 18, 2008. (D.E. 66.)

At the same time Ortiz was sentenced in Cr. No. C-05-257, the Court also revoked his term of supervised release in Cr. No. C-00-407, imposing a term of imprisonment of 36 months, to run consecutive to the later case. (Cr. No. C-00-407, D.E. 71, 73.) In this case, the Court also imposed a consecutive five-year supervised release term. (Id.)

No notice of appeal is reflected on the docket sheet for Cr. No. C-05-257. Ortiz filed a pro se notice of appeal, however, in Cr. No. C-00-407. (Cr. No. C-00-407, D.E. 74.) That notice did not reference any particular case numbers, though, and was apparently filed by the Clerk only in the earlier case. Ortiz sought the appointment of counsel, and Jesus Maria Alvarez, who had been Ortiz's retained counsel in the underlying criminal proceedings, was appointed. (Cr. No. C-00-407, D.E. 74,

2

79.) Alvarez subsequently moved to withdraw, which the Court denied. (Cr. No. C-00-407, D.E. 82, 83.)

On July 31, 2008, three days after the Clerk received the instant letter motion from Ortiz, the Clerk received notice from the Fifth Circuit that Ortiz's appeal had been dismissed pursuant to his motion. (Cr. No. C-00-407, D.E. 95-97.)[2] The dismissal was dated July 23, 2008. (Cr. No. C-00-407, D.E. 96.)

## II. ANALYSIS

Although Ortiz's letter requests that the Court reduce his sentence, he does not specify the procedural mechanism or statute pursuant to which he seeks relief. Moreover, Ortiz is also complaining that he wants to pursue his appeal and asks that the Court order Alvarez to "finalize" his appeal.

To the extent that Ortiz seeks reinstatement of his appeal with the Fifth Circuit, a motion to reinstate the appeal should be filed with that court. This Court is unable to reinstate his appeal. Moreover, since the appeal has already been dismissed, there are no additional duties that this Court could order Alvarez to perform with regard to the appeal.

As to Ortiz's other allegations of ineffective assistance of counsel, such claims are typically asserted in a motion pursuant to 28 U.S.C. § 2255. Nowhere does Ortiz reference § 2255, however. Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his letter as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterization, then the

---

[2] A copy of the motion seeking the dismissal of the appeal has also been filed with the Clerk of this Court. It is signed by Alvarez, but not by Ortiz. (Cr. No. C-00-407.)

3

motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Ortiz for filing such a motion.

Pursuant to the directives of Castro, Ortiz is advised that if he files a § 2255 motion asserting a claim of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Ortiz will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[3] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Ortiz wishes the Court to consider should be asserted in any § 2255 motion he files.

---

[3] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

## III. CONCLUSION

For the foregoing reasons, to the extent Ortiz's letter motion requests relief from this Court (Cr. No. C-00-407, D.E. 94; Cr. No. C-05-257, D.E. 72), it is DENIED WITHOUT PREJUDICE. The Clerk is further directed to administratively close both civil cases opened in conjunction with the docketing of Ortiz's letter as a § 2255 motion. Additionally, the Clerk is directed to send blank § 2255 forms to Ortiz.

It is so ORDERED this 8th day of August, 2008.

_____
Janis Graham Jack
United States District Judge