IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-257(1) |
| | § | C.A. No. C-08-291 |
| | § | |
| JOSE ORTIZ, | § | |
| Defendant. | § | |

_____

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-00-407 |
| | § | C.A. No. C-08-292 |
| | § | |
| JOSE ORTIZ, | § | |
| Defendant. | § | |

## ORDER FOR RESPONDENT TO ANSWER

On September 2, 2008, the Clerk received from Movant Jose Ortiz ("Ortiz") a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which referenced both of the above criminal cases. (Cr. No. C-05-257, D.E. 75; Cr. No. C-00-407, D.E. 100.) Ortiz was sentenced in the first listed case, Cr. No. C-05-257 on September 12, 2007. Final judgment was entered against him on September 18, 2008 (D.E. 66), and no appeal is noted on the docket sheet. (But see D.E. 73 (noting that Ortiz filed a pro se notice of appeal that did not contain a case number, and the Clerk docketed it only in Cr. No. C-00-407, but not in Cr. No. C-05-257).) At the same time Ortiz was sentenced in Cr. No. C-05-257, the Court also revoked his term of supervised release in Cr. No. C-00-407. (Cr. No. C-00-407, D.E. 71, 73.)

1

Ortiz has now filed a motion pursuant to 28 U.S.C. § 2255 in which he lists both case numbers, and in which he appears to be challenging the judgment in both cases on the grounds that he was denied effective assistance of counsel. The Rules Governing § 2255 Cases instruct that a "moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Rule 2(d). Although Ortiz has not complied with this requirement, he has made clear that he is attempting to file his § 2255 motion in each of the two cases. Accordingly, the Clerk has properly filed the document titled as a § 2255 motion (and containing both criminal case numbers) in both criminal cases and assigned each a separate civil case number.

Additionally, it is now ORDERED that the United States shall file *separate* answers to each of the § 2255 motions not later than sixty days after the entry of this Order. As part of its answer to the § 2255 filed in Cr. No. C-05-257, the government should address the effect of Ortiz's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (Cr. No. C-05-257, D.E. 37.) In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes Ortiz from bringing all of the grounds in his motion. See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). If there are claims in his motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is further ORDERED that the United States provide, at the time of its answers, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answers.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008), Ortiz may file a reply in each case not later than thirty days after service of the government's answer.

It is so ORDERED this 23rd day of September, 2008.

_____
Janis Graham Jack
United States District Judge